# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHELLI BITTNER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUBWAY FRANCHISEE ADVERTISING FUND TRUST, LTD; FRANCHISE WORLD HEADQUARTERS, LLC; and DOCTOR'S ASSOCIATES LLC,<br><br>Defendants. | Case No.: 3:20-cv-00522-SRU<br><br>Judge: Hon. Stefan R. Underhill |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING SUPREME COURT'S FORTHCOMING RULING IN *FACEBOOK V. DUGUID***

GREENBERG TRAURIG, LLP

1717 Arch Street, Suite 400
Philadelphia, PA 19103
Tel:  215.988.7812
Fax: 215.988.7801

ATTORNEYS FOR DEFENDANTS SUBWAY FRANCHISEE ADVERTISING FUND TRUST, LTD, FRANCHISE WORLD HEADQUARTERS, LLC, AND DOCTOR'S ASSOCIATES LLC

**TABLE OF CONTENTS**

**Page(s)**

ARGUMENT………………………………………………………………………………….……2

I.  Legal Standard………..……………………………………………………………...…2

II. The Court Should Stay This Case Because the Supreme Court's Ruling on the Definition of an ATDS is Potentially Dispositive of This Case and All Factors Weigh in Favor of Granting a Stay. ..................................................................................................................................... 3

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*ACA Int'l v. FCC*,
   885 F.3d 687 (D.C. Cir. 2018) .................................................................................................4, 5

*Briscoe v. City of New Haven*,
   No. 309-CV-1642 CSH, 2009 WL 5184357 (D. Conn. Dec. 23, 2009) ....................................3

*Clinton v. Jones*,
   520 U.S. 681 (1997) ..................................................................................................................2

*Dominguez v. Yahoo, Inc.*,
   894 F.3d 116 (3d Cir. 2018) .....................................................................................................4

*Duguid v. Facebook, Inc.*,
   926 F.3d 1146 (9th Cir. 2019) ...............................................................................................3, 4

*Duran v. La Boom Disco, Inc.*,
   955 F.3d 279 (2d Cir. 2020) ..................................................................................................3, 4

*Facebook v. Duguid*,
   Appeal No. 19-511 (U.S. *pet. for cert.* granted July 9, 2020) ..........................................*Passim*

*Facebook, Inc. v. Duguid*,
   2019 WL 5390116 (U.S. *pet. for cert.* filed Oct. 17, 2019) .....................................................1

*Gadelhak v. AT&T Servs.*,
   950 F.3d 458 (7th Cir. 2020) ....................................................................................................4

*Glasser v. Hilton Grand Vacations Co.*,
   948 F.3d 1301 (11th Cir. 2020) ................................................................................................4

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ..................................................................................................................2

*In re Literary Works in Elec. Databases Copyright Litig.*,
   No. 00 CIV 6049, 2001 WL 204212 (S.D.N.Y. Mar. 1, 2001) ................................................5

*Loftus v. Signpost Inc.*,
   No. 19-CV-7984 (JGK), 2020 WL 2848231 (S.D.N.Y. June 2, 2020) .................................3, 5

*Marks v. Crunch San Diego, LLC*,
   904 F.3d 1041 (9th Cir. 2018) ...............................................................................................3, 4

*Ruggeri v. Boehringer Ingelheim Pharm., Inc.*,
   No. 3:06CV1985 JBA, 2012 WL 1521850 (D. Conn. Feb. 24, 2012) ..................................2, 5

**Statutes**

42 U.S.C. § 227 ...................................................................................................................1

47 U.S.C. § 227(a)(1) ..........................................................................................................3

**Other Authorities**

FCC, *Consumer and Governmental Affairs Bureau Seeks Comment on Interpretation of the Telephone Consumer Protection Act in Light of the D.C. Circuit's ACA International Decision*, 83 Fed. Reg. 26284, 26285 (June 5, 2018) ............................................................................................................................6

Fed. R. Civ. Proc. 16 ..........................................................................................................1

Defendants Subway Franchisee Advertising Fund Trust, LTD, Franchise World Headquarters, LLC, and Doctor's Associates LLC (collectively, "Defendants" or "Subway"), by and through their undersigned counsel, and without waiving Defendants' right to move to compel arbitration of this matter, hereby move this Court to enter an Order temporarily staying this case pending a ruling by the Supreme Court of the United States in *Facebook v. Duguid*, No. 19-511 (U.S. *cert. granted* July 9, 2020). Plaintiff alleges that Subway sent her text messages without her consent in violation of the Telephone Consumer Protection Act ("TCPA), 42 U.S.C. § 227, which requires her to prove that Subway used an "automatic telephone dialing system" ("ATDS") to send the alleged texts. In *Facebook v. Duguid*, the Supreme Court granted certiorari to resolve a circuit split over whether an ATDS "encompasses any device that can 'store' and 'automatically dial' telephone numbers, even if the device does not 'use a random or sequential number generator.'" *Facebook, Inc. v. Duguid*, 2019 WL 5390116 (U.S. *pet. for cert.* filed Oct. 17, 2019).[1] If the Supreme Court agrees with the majority of circuit courts that have ruled that the plain terms of the statute compel the conclusion that a system is not an ATDS unless it has the capacity to generate random or sequential numbers, then plaintiff's claims in this suit fail because the system at-issue does not have the capacity to generate random or sequential numbers.

A temporary stay would also help conserve judicial resources and would not prejudice the plaintiff. The case is in its early stages with no Rule 16 conference yet scheduled, and no discovery propounded by either party. Indeed, initiating discovery where guidance from the Supreme Court could change the scope of discovery – including third-party discovery that would have to be

---

[1] The U.S. Supreme Court docket in *Facebook* states "Petition GRANTED limited to Question 2 presented by the petition." *See* July 9, 2020 docket entry available at https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/19-511.html.

1

obtained from the company that provided the texting platform at issue – would be futile. Moreover, plaintiff will not be prejudiced if a stay is granted because Subway has ceased sending text messages to her phone number, no resources would be wasted as a result of pausing the litigation (where the case has not proceeded past the filing of Subway's answer to the complaint), and the stay would be only temporary because a decision in *Facebook* is expected to issue before the end of the Supreme Court's term in June 2021. Defendants, by contrast, will suffer significant hardship and inequity if the case is not stayed because they would be forced to spend substantial fees and costs conducting broad fact and expert discovery and engaging in extensive motion practice, all of which may ultimately be rendered moot if the Supreme Court's holding confirms that the texting platform at issue is not an ATDS. Indeed, the Court and parties would benefit from a stay because the Supreme Court's ruling could be dispositive of the entire case, which would facilitate resolution of this case based on limited motion practice and discovery focused on the technology at issue. All factors therefore weigh in favor of granting a temporary stay pending a decision by the Supreme Court in *Facebook*.

## ARGUMENT

I. **Legal Standard**

District courts have inherent discretionary power to stay cases. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Indeed, a "District Court has broad discretion to stay proceedings as an incident to its power to control its own docket," *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis*, 299 U.S. at 254, and may exercise that discretion to stay a case pending a ruling from the Supreme Court that would impact the litigation. *See, e.g.*, *Ruggeri v.*

*Boehringer Ingelheim Pharm., Inc.*, No. 3:06CV1985 JBA, 2012 WL 1521850, at *1 (D. Conn. Feb. 24, 2012); *Loftus v. Signpost Inc.*, No. 19-CV-7984 (JGK), 2020 WL 2848231, at *2 (S.D.N.Y. June 2, 2020). In evaluating a motion to stay, courts consider the following factors: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Briscoe v. City of New Haven*, No. 309-CV-1642 CSH, 2009 WL 5184357, at *2 (D. Conn. Dec. 23, 2009).

II. **The Court Should Stay This Case Because the Supreme Court's Ruling on the Definition of an ATDS is Potentially Dispositive of This Case and All Factors Weigh in Favor of Granting a Stay**

A temporary stay pending a decision in *Facebook* is warranted because the Supreme Court has granted certiorari on a question central to this case: whether the alleged texts are not TCPA violations because the platform used to send them is not an ATDS. If the Supreme Court adopts the interpretation held by the majority of circuit courts, it will construe the statute in a way that confirms the alleged texts were not sent using an ATDS in violation of the TCPA. The TCPA defines an ATDS as "equipment which has the *capacity*—(A) to store or produce telephone numbers to be called, *using a random or sequential number generator*; *and* (B) to dial such numbers." 47 U.S.C. § 227(a)(1) (emphasis added). In *Facebook*, the Supreme Court will resolve a widening circuit split on the proper interpretation of the definition of ATDS under 47 U.S.C. § 227(a)(1) and decide whether to affirm or vacate the Ninth Circuit's expansive interpretation set forth in *Duguid v. Facebook, Inc.*, 926 F.3d 1146 (9th Cir. 2019). The Second Circuit in *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 290 (2d Cir. 2020) is arguably consistent with the Ninth Circuit's definition of ATDS in *Duguid*, 926 F.3d at 1149-50 (which applied *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018)), and construed an ATDS to be any device that

3

is merely capable of storing and dialing phone numbers, thereby essentially reading the phrase "using a random or sequential number generator" out of the statute. A majority of circuit courts that have construed the ATDS definition – the Third, Seventh, and Eleventh Circuits – have rejected this expansive definition of an ATDS and have instead held that an ATDS must have the capacity to generate random or sequential phone numbers, consistent with the plain terms of the statute. *See Dominguez v. Yahoo, Inc.*, 894 F.3d 116, 121 (3d Cir. 2018) (holding that that the "key" question under the TCPA is whether the equipment used to send the alleged texts "had the present capacity to function as an autodialer by generating random or sequential telephone numbers and dialing those numbers"); *Gadelhak v. AT&T Servs.*, 950 F.3d 458, 466 (7th Cir. 2020) (rejecting the Marks interpretation of ATDS which the court characterized as involving "a significant judicial rewrite" of the statute); *Glasser v. Hilton Grand Vacations Co.*, 948 F.3d 1301, 1310 (11th Cir. 2020) (ruling that the Ninth Circuit's reading of the statute "looks more like surgery . . . than interpretation").[2] The Supreme Court will resolve this circuit split, which could be outcome determinative in this case where the system Subway used to send text messages to plaintiff does not have the capacity to generate numbers randomly or sequentially.

---

[2] The Second Circuit's recent construction of ATDS is also at odds with the D.C. Circuit's decision in *ACA Int'l v. FCC*, 885 F.3d 687 (D.C. Cir. 2018), which vacated prior FCC regulations adopting a similarly expansive definition of ATDS and ruled that the "TCPA cannot reasonably be read to render every smartphone an ATDS subject to the Act's restrictions . . . ." *ACA Int'l*, 885 F.3d at 697. The Second Circuit's decision was based in part on its conclusion that earlier FCC rulings on what constitutes an ATDS were not struck down in *ACA Int'l*, *Duran*, 955 F.3d at 286, which contradicts the analysis of the Third, Seventh, Ninth and Tenth Circuits. *See Dominguez*, 894 F.3d at 119, 121; *Gadelhak*, 950 F.3d at 463 ("*ACA International* did not leave prior FCC Orders intact"); *Marks*, 904 F.3d at 1049 ("Because the D.C. Circuit vacated the FCC's interpretation of what sort of device qualified as an ATDS, only the statutory definition of ATDS as set forth by Congress in 1991 remains"); *Glasser*, 948 F.3d at 1310 (ruling that the D.C. Circuit "wiped the slate clean").

Stays pending Supreme Court review on a potentially dispositive issue are routinely granted. *See, e.g.*, *In re Literary Works in Elec. Databases Copyright Litig.*, No. 00 CIV 6049, 2001 WL 204212, at *3 (S.D.N.Y. Mar. 1, 2001) (granting stay where a forthcoming Supreme Court decision was "likely to have a significant, if not dispositive, impact on the cases and "a stay of several months will cause no prejudice or hardship to the [] Plaintiffs."); *Ruggeri*, 2012 WL 1521850, at *1; *Loftus*, 2020 WL 2848231, at *2. Here, all factors weigh in favor of a temporary stay that would conserve judicial resources and would not prejudice the parties. Whether the Supreme Court adopts the textual interpretation held by a majority of circuit courts that have decided the issue or affirms the Second Circuit's more expansive definition of an ATDS, or fashions a new interpretation altogether, will impact liability and thus the direction and scope of discovery. For example, in addition to resolving the circuit split, the Supreme Court could potentially clarify what constitutes "capacity" and "automatic" dialing. The FCC, in its 2015 order, had given broad meaning to the term "capacity" which expanded the definition of an ATDS. Following *ACA Int'l* in which the D.C. Circuit struck down the FCC's pronouncements on the ATDS definition, 855 F.3d at 703, the FCC solicited comments on the proper scope of an ATDS, including what constitutes "capacity" and "how 'automatic' must dialing be for equipment to qualify" as an ATDS. *See* FCC, *Consumer and Governmental Affairs Bureau Seeks Comment on Interpretation of the Telephone Consumer Protection Act in Light of the D.C. Circuit's ACA International Decision*, 83 Fed. Reg. 26284, 26285 (June 5, 2018). These issues have yet to be fully clarified by the FCC.

If discovery is not stayed, the parties, third-party witnesses (including the company that provided the texting platform at issue), and expert witnesses addressing whether the platform has the requisite functionalities of an ATDS, will be burdened with broad discovery framed by multiple

potential definitions of ATDS which could potentially result in motion practice over the proper scope of discovery. A ruling from the Supreme Court on what exactly constitutes an ATDS would impact the adjudication of this case and clarify issues for the parties and the Court in both fact discovery and expert discovery. Indeed, if the Supreme Court adopts the textual interpretation and holds that an ATDS must have the capacity to generate random or sequential phone numbers, there would be no claim because the texting platform at issue does not have this functionality, and Subway would be entitled to summary judgment on this dispositive issue (if plaintiff does not voluntarily dismiss the case). Both parties, third-party witnesses, and the Court would benefit from a stay of this case to prevent potentially pointless and needless discovery.

Plaintiff will not be unduly prejudiced or unfairly disadvantaged by waiting until the Supreme Court issues its decision. Plaintiff has not and cannot allege that she continues to receive text messages from Subway or has suffered any other continuing harm because Subway stopped sending text messages to plaintiff's phone number. The case is also still in its early stages, with Subway having recently filed its answer and affirmative defenses [D.E. 25] and no party having propounded discovery yet.

By contrast, the prejudice to Subway is evident. If the litigation proceeds without waiting for a decision in *Facebook*, Subway would be forced to spend substantial resources defending against a putative class action that depends on the Second Circuit's ATDS construction, which could potentially be struck down by the Supreme Court and construed consistent with the statutory language, such that this case would be subject to dismissal because the texting platform does not have the capacity to generate random or sequential phone numbers or to dial such randomly or sequentially generated phone numbers.

In sum, temporarily staying this matter before discovery substantially commences will promote judicial economy without causing any prejudice to plaintiff. The Court should grant this motion and enter an Order temporarily staying this case pending a ruling by the Supreme Court of the United States in *Facebook v. Duguid*, Appeal No. 19-511 (U.S. *pet. for cert.* granted July 9, 2020).

Dated: July 13, 2020	Respectfully submitted,

**GREENBERG TRAURIG, LLP**

*/s/ Brian T. Feeney*
Brian T. Feeney (CT# 30790)
1717 Arch Street, Suite 400
Philadelphia, PA 19103
Tel:  215.988.7812
Fax: 215.988.7801
Email: feeneyb@gtlaw.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of July, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                                     */s/ Brian T. Feeney*
                                                                     Brian T. Feeney